UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06CV-381-H

MARK OETRINGER, *et al.*                                                                 PLAINTIFFS

V.

FIRST RESIDENTIAL MORTGAGE                               DEFENDANT
NETWORK, INC., a/k/a SUREPOINT
LENDING

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are former employees of Defendant First Residential Mortgage Network ("First Residential"). Plaintiffs purport to bring a collective action under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and a Rule 23 class action under the Kentucky Wages and Hours Act, KRS §§ 337.010, *et seq*. Defendant has filed this motion to dismiss on a variety of theories. For the following reasons, the Court will deny Defendant's motion to dismiss, but will give Defendant the opportunity to resubmit such a motion with necessary affidavits to support such a motion.

I.

Plaintiffs are seven individuals formerly employed by First Residential as mortgage bankers. They propose to bring a class action including "all present and former Mortgage Bankers of First Residential Mortgage Network, Inc., who were not paid overtime compensation for time worked in excess of 40 hours per week or were not compensated for time worked." They allege violations of the Fair Labor Standards Act, 29 U.S.C. § 206 and 207, and of the

Kentucky Wages and Hours Act, KRS § 337.272 and KRS § 337.285.

II.

Defendants have moved to dismiss this action under Rule 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998); accept all the complaint's factual allegations as true, *id.*; and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. Spalding*, 467 U.S. 69, 73 (1984); *Miller*, 50 F.3d at 377.

III.

Defendant argues that a letter from the United States Department of Labor and an investigation completed by the Kentucky Department of Labor dictate dismissal of this case. In response to a specific inquiry by the Mortgage Bankers Association, the U.S. Department of Labor letter concluded that mortgage brokers are "exempt administrative employees" under 29 U.S.C. § 213 (a)(1) and 29 C.F.R. Party 541, and as such, are not entitled to overtime compensation. The Court does not agree with Defendant's argument.

A.

The U.S. Department of Labor's letter may indeed represent an accurate statement of the

law in a general sense. If so, it may well apply to persons such as Plaintiffs. However, Defendant bears the burden of proving the FLSA exception under which Defendant claims Plaintiffs fall. *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004). This motion comes to the Court under Rule 12(b)(6) and thus the Court must accept the Complaint's factual allegations as true. Therefore, the Court cannot conclude that *no set of facts* could be proven wherein Plaintiffs would be entitled to overtime compensation under FLSA. The Court cannot conclude that the Plaintiffs fall within the class of "mortgage bankers" discussed by the U.S. Department of Labor's letter without some factual basis for doing so, and there is none here. Both Defendant and Plaintiffs would be uniquely qualified to describe the job duties and compensation of Plaintiffs here.

The Court is open to reconsidering a motion to dismiss based on the U.S. Department of Labor letter based upon affidavits indicating that Plaintiffs fall within the class of "mortgage brokers" discussed in the U.S. Department of Labor letter. Such a motion should be filed within 30 days of the issuance of this opinion. Plaintiffs are welcome to file similar affidavits in their response to such a motion to dismiss.

B.

The Kentucky Department of Labor investigation upon which Defendant also relies is equally unhelpful for different reasons. There is no indication that William Reynolds – who initiated the complaint with the Kentucky Department of Labor – was similarly situated to Plaintiffs. This may be true or it may not. In the context of a Rule 12(b)(6) motion, the Court must conclude that Plaintiffs might prove their entitlement to compensation under the FLSA and/or Kentucky Wages and Hours Act, even though Mr. Reynolds did not. The Court would

entertain affidavits on this subject in the second motion discussed *supra*. However, the court must point out as an aside that the Kentucky Department of Labor investigation results as presented by Defendant are flimsy in the extreme. The U.S. Department of Labor letter is thoughtful, obviously well-researched, and addresses thoroughly the issues at hand; the Kentucky Department of Labor investigation as presented by Defendant is none of those things, and is cryptic, brief, and almost entirely unhelpful to the Court.

IV.

Defendant's remaining arguments for dismissal are unavailing. First, the Court is fully aware of the potential difficulties posed by a simultaneous collective action under Section 216(b) of the FLSA (with its "opt-in" language) and a Rule 23 class action (with its "opt-out" provisions). However, the appropriate time to address that question is whenever Plaintiffs actually attempt to certify this case as a class action. *See, e.g.*, *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574 (N.D. Ill. 2004) (ruling on *a motion to certify class* that state law claims should not be certified as a class because such a ruling would conflict with Congress' intent regarding FLSA collective actions). This case is a long way from such a certification, and the Court will address Defendant's arguments when those issues are ripe.

Second, Defendant argues that each Plaintiff must file written consent to be party to a FLSA action. *See* 29 U.S.C. § 216(b ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Such written consent has been filed and Defendant's argument is, as it concedes in its Reply, moot. The Court will address Defendant's statute of limitations arguments regarding the filed written consent documents when that issue has been

fully briefed.

Third, Defendant argues that this suit should be dismissed because Plaintiffs failed to make date-specific allegations in their Complaint, allegedly leaving Defendant powerless to address possible statute of limitations arguments regarding their claims. Again, the standard for Rule 12(b)(6) motions is relevant. Although Plaintiffs' Complaint is not as detailed as it could be – specifically on the periods of time for which Plaintiffs are claiming overtime compensation – it is still possible that Plaintiffs could prove a set of facts under which they would be entitled to recovery. Furthermore, the defendant bears the burden of averring any statute of limitations problems. *See* Fed. R. Civ P. 9(a) (" When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."). As a practical matter, Defendant should be perfectly aware of the periods of time in which Plaintiffs worked for them, and if they were not previously aware, the "Consent to Join" forms filed by Plaintiffs should make them aware at this time.

Finally, Defendant argues that Plaintiffs are not entitled to any injunctive relief as a part of their federal or state claims. Plaintiffs concede that as private plaintiffs they are not entitled to injunctive relief under FLSA law, but argue that injunctive relief may be proper under Kentucky law. However, all of the named Plaintiffs in this suit are *former* employees of Defendant. The law of the Sixth Circuit on this question is clear. "[W]hen seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review." *Grendell v. Ohio Supreme Court*,

252 F.3d 828, 832 (6th Cir. 2001) (citation omitted). At this point, the Court is hard-pressed to see how the named Plaintiffs could show actual present harm or a significant possibility of future harm, as they are no longer employed by Defendant. If a class is certified in the future that includes current employees of Defendant, a stronger case for injunctive relief might be made. However, all of these questions are a bit presumptuous because no set of facts has been proven that would entitled Plaintiffs to injunctive relief in the first place.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED at this time.

cc: Counsel of Record