UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06CV-381-H

MARK OETRINGER, *et al.*                                                           PLAINTIFFS

V.

FIRST RESIDENTIAL MORTGAGE
NETWORK, INC., a/k/a SUREPOINT                                                     DEFENDANT
LENDING

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are former employees of Defendant First Residential Mortgage Network ("First Residential"). Plaintiffs have brought an action under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et. seq.*, and a Rule 23 class action under the Kentucky Wage and Hours Act, KRS §§ 337.010, *et. seq.* Defendant has filed a renewed motion to dismiss on the theory that Plaintiffs were "exempt administrative employees" under 29 U.S.C. §§ 213(a)(1) and 29 C.F.R. part 541, and as such were not entitled to overtime compensation. Because formal discovery may produce evidence supporting Plaintiffs' claims, the Court must deny Defendant's motion to dismiss at this time.

I.

Plaintiffs are seven individuals formerly employed by First Residential as mortgage bankers. They propose a class action including "all present and former Mortgage Bankers of First Residential Mortgage Network, Inc., who were not paid overtime compensation for time worked in excess of 40 hours per week and were not compensated for time worked." They allege violations of the Fair Labor Standards Act, 29 U.S.C. § 206 and 207, and of the Kentucky

Wages and Hours Act, Ky. Rev. Stat. Ann. § 337.272 and Ky. Rev. Stat. Ann. § 337.285. Defendant filed an earlier motion to dismiss based in part on the argument that Plaintiffs are "exempt administrative employees" under 29 U.S.C. § 213 (a)(1) and 29 C.F.R. part 541, and as such, are not entitled to overtime compensation. In that motion, Defendant relied on a U.S. Department of Labor opinion letter that concluded that mortgage bankers fit within the administrative employees exemption. Because the Court could find no factual basis to conclude that Plaintiffs fall within the class of "mortgage bankers" discussed by the U.S. Department of Labor opinion letter, the motion was denied.

The Court did invite Defendant to renew its motion with additional evidence and Defendant has now done so, supporting its effort with the affidavits of two First Residential managers. These affidavits discuss the duties and scope of Plaintiffs' work at First Residential as well as their compensation arrangement. Plaintiffs oppose the motion with affidavits of three Plaintiffs discussing their duties as well as their compensation arrangement. As yet no actual discovery has occurred.

II.

The FLSA requires an employer to pay covered employees who work more than forty hours per week overtime compensation at one-and-a-half times their normal hourly rate. 29 U.S.C. § 207(a)(1). Defendant argues that Plaintiffs were exempt from the FLSA requirements as "administrative employees." *See* 29 U.S.C. § 213(a)(1). An employer asserts an exemption from the requirements of the FLSA as an affirmative defense, and thus bears the burden of proof to show that the defense applies. *Corning Glass Works v. Brennan*, 471 U.S. 188, 196 (1974). The Code of Federal Regulations states that an "administrative employee" is an employee:

2

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer of the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. 541.200(a)(1)-(3)

The DOL's regulations state that an employee is paid on a salary basis "if the employee regularly receives each pay period on a weekly, or less frequent basis a *predetermined amount* constituting all or part of the employee's compensation, which amount *is not subject to reduction because of variation in the quality or quantity of the work performed*." (emphasis added). 29 C.F.R. § 541.602. An employer can still satisfy the salary basis test if an employee receives a commission in addition to a base salary, so long as there is a guaranteed non-deductible minimum. *See Hogan v. Allstate Ins. Co.,* 361 F.3d 621, 625-26 (11th Cir. 2004).

Thus, to determine whether the administrative employee exemption applies to Plaintiffs requires an examination of their compensation arrangement, the primary duties, and the degree of discretion they exercised while employed by Defendant. In order to qualify for an exemption under the FLSA, First Residential must demonstrate that Plaintiffs' work satisfied each of the elements of the administrative employee exemption. *See Renfro v. Indiana Michigan Power Co.*, 370 F.3d 512, 515 (6th Cir. 2004).

### III.

Somewhat predictably, the parties disagree on whether the Plaintiffs' work at First Residential satisfies any of the three elements defined in the administrative employee exemption. *See* 29 C.F.R. 541.200(a)(1)-(3). As noted above, Defendant has the burden of showing that

Plaintiffs are exempt from the FLSA requirements. Defendant's failure to satisfy its burden as to any one of the elements of the administrative employee exemption requires denial of a Rule 12(b)(6) motion.

The most glaring disagreement between the parties involves the first element of the administrative employee exemption, the "salary basis" test. *See* 29 C.F.R. 541.200(1)(a). In their pleadings and affidavits, Plaintiffs assert that they were paid on a "strictly commission" basis. For example, Plaintiff Mark Oetinger stated that he was paid:

> a monthly commission based only upon a percentage of the volume of loan mortgages I closed during the preceding monthly period and the rate at which I closed them. If I did not close a minimum dollar amount of loans in a given month, I did not receive any payment from First Residential for that particular month. (Oetinger Aff. ¶ 13).

A commission-only payment arrangement is inconsistent with the Code's definition of salary, which is defined as "a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity or the work performed." By definition, a commission is contingent on closing a mortgage, and is therefore not predetermined or guaranteed. If Plaintiffs were, in fact, paid on a strict commission basis and were not guaranteed a "predetermined amount," their compensation arrangement would not satisfy the salary basis requirement of the administrative employee exemption to the FLSA.

Defendant's account, however, of the compensation scheme is different. Charles McChargue, a former Loan Advisor and current supervisor for Defendant states, "Loan Advisors are paid a minimum of $455 per week on a quarterly basis." (McChargue Aff. ¶ 15). Moreover, Defendant asserts that "certain Plaintiffs received non-commission compensation in periods

4

where their commissions did not exceed $455/week, in order that their compensation meet the minimum amount." This account indicates that Plaintiffs' compensation was not based solely on the mortgages they closed, and, indeed Defendant asserts that Plaintiffs "*always* were entitled to and paid at least the minimum compensation." Such an arrangement would be consistent with the regulatory definition of "salary basis" as a predetermined amount not subject to reduction. *See* 29 C.F.R. 541.200(1)(a).

Defendant further argues that "none of [Plaintiffs'] affiants provides any information explaining his competency to articulate the minimum base compensation policy at First Residential." While one presumes an employee to be well-positioned to describe the method of his compensation, Plaintiffs would indeed lack such competency if they were never informed of the existence of any minimum base compensation policy and if they worked for First Residential under the belief that their pay was tied solely to the volume of loan mortgages they sold. Defendant provides the Court with no information explaining how, if at all, Plaintiffs were informed of their right to minimum base compensation while they were employed at First Residential.[1] Neither party references an employment agreement to support its account of the compensation arrangement.[2]

The Court cannot reconcile the fundamentally conflicting descriptions of Defendant's compensation arrangements with Plaintiffs. As explained above, the salary basis test is one of

---

[1]In a footnote of its "Reply Memorandum in Further Support of First Residential's Renewed Motion to Dismiss," Defendant accuses Plaintiffs of having filed "false affidavits" with the court regarding the compensation plan. First Residential further offers to provide the Court with copies of the materials it provided to Plaintiffs' counsel regarding First Residential's compensation plan. The Court notes that a critical element of whether the compensation plan satisfies the salary basis test would be whether Plaintiffs, at the time they were employed by First Residential had notice of their right to irreducible salary independent of the volume of mortgage loans they closed.

[2]Defendant says that documentation of the compensation arrangements do exist. If so, these documents can be produced along with other relevant discovery.

the three elements that Defendant must prove to meet the administrative employee exemption.[3]
Consequently, the Court cannot determine whether the compensation arrangement was actually strict commission (as Plaintiffs allege) or whether it involved guaranteed base pay (as Defendant alleges). Moreover, the Court has sufficient factual grounds to conclude that the compensation arrangement that Defendant describes would satisfy the salary basis test for purposes of the administrative employee exemption.

To decide this particular motion, however, the Court need only conclude that Plaintiffs may yet prove a set of facts which would entitle them to relief. Here, the Court faces two contradictory and seemingly irreconcilable accounts of the compensation arrangement at First Residential. The best way to resolve this dispute is for discovery to proceed, allowing Plaintiffs to obtain all relevant documentation concerning Defendant's compensation scheme. Consequently, the Court must deny the motion.[4]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

---

[3]Indeed, the U.S. Department of Labor opinion letter on which Defendant relies assumes the loan officers are "paid on a salary basis at a rate of at least $455 per week."

[4]As they argue extensively in their briefs, the parties also disagree on the remaining two elements of the administrative employee exemption (primary duty and discretion). The Court need not address these arguments at this time, because it concludes that Defendant has failed to prove that Plaintiffs were compensated on a salary basis within the meaning of the applicable regulations.

cc: Counsel of Record